CHARLES MODICA, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY Appellant.*— Judgment and order unanimously affirmed, with costs. The jury were free to find that the plaintiff, Modica, was working on an overtime shift on a locomotive as an engine pumper at five A. M., December 24, 1929, when a hostler backed the locomotive out of the roundhouse on to the turntable; that Modica continued his work thereon, getting the locomotive in running order, until five forty-five A. M., when the regular engineer and fireman came aboard to run the locomotive off the turntable to pick up a train for a regular run; that, unknown to plaintiff, the tracks on the turntable were aligned with the " pit track;" that such a locomotive was usually run off the turntable on the " runaround " track to pick up a train on the main lines; that the engineer knew and Modica did not know that the " runaround " track was temporarily blocked and, therefore, that the " pit track " was being used; that the engineer gave Modica no warning that the locomotive was to be run off on the " pit track;" that he gave Modica no warning of the proposed starting of the locomotive before the actual starting thereof; that the engineer observed Modica go through the curtain at the back of the locomotive toward the left side just before the locomotive got under way; that Modica was on the step and had a kerosene torch pointed down, looking for a safe footing, as the locomotive moved forward; that the visibility of the ground was obscured by steam coming from under the turntable and from the cylinders of the locomotive

*Action under Federal Employers' Liability Act. (U. S. Code, tit. 45, § 51 *et seq.*) Verdict was for $35,000.— [REP.

on which Modica was riding; that it was dark and foggy and the ground was coated with snow; that, because of darkness and steam, Modica was unable to see a safe place to alight from the engine, which he assumed was on the usual " runaround track;" that the locomotive continued to move forward a short distance from the edge of the turntable, and while Modica was on the step he was caught in the eleven and one-half inch clearance between the locomotive and the ash car because the locomotive in fact was on the " pit track," which (different from the runaround track) had this condition of narrow clearance on that side of the engine; that if the locomotive had been on the " runaround track," Modica's attempt to alight from the left side of the locomotive would be as safe as attempting to alight from the right side; that this fact bore upon the degree of prudence of the plaintiff in not having availed himself of the right side of the engine instead of the left, because the use of either side would have been equally prudent if the engine had been on the " runaround track," as plaintiff assumed it was; that the engineer, under these circumstances, had ample opportunity to know conditions and had actual knowledge that the tracks on the turntable were aligned to the " pit track " rather than the usual " runaround track " when Modica was attempting to descend or alight from the more dangerous left side because the locomotive was running on the " pit track;" that the engineer afforded no adequate opportunity to Modica to alight before starting the engine and gave no warning with respect to the degree of danger on the left side, of which he knew and of which Modica did not know, because the locomotive was on the " pit track." Under the authorities a finding for plaintiff with respect to the issues of defendant's alleged negligence and plaintiff's alleged contributory negligence, based upon the foregoing had adequate support. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.